IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| RAYMOND EDWARD GILL | * | |
|---|---|---|
| Plaintiff | * | |
| v | * | Civil Action No. JFM-13-2950 |
| UNITED STATES OF AMERICA, STATE OF MARYLAND, PUBLIC DEFENDER OFFICE, BALTIMORE CO. DEPT. OF CORRECTIONS, DEBORAH RICHARDS, THOMAS FITZGERALD, BRUCE FLANIGAN, SHARON TYLER, CAPTAINS CORRECTIONAL, LIEUTENANTS CORRECTIONAL, SERGEANTS CORRECTIONAL, OFFICER MORANO, AGENCY SUBAGENCY: CID; and OFFICER ID 3778 | * | |
| Defendants | | |

***

## MEMORANDUM

The above-captioned self-represented complaint was filed on October 7, 2013, and has been construed as a civil rights complaint. Plaintiff seeks monetary damages against defendants as well as dismissal of pending criminal charges and charges of violation of probation, for alleged violations of his rights. For the reasons that follow, the case must be dismissed.

Plaintiff was released on supervised release from federal prison and began reporting to United States Probation Officer John Albert on August 1, 2013. ECF No. 1 at p. 3. Plaintiff is currently confined at the Baltimore County Detention Center[1] where he awaits trial on charges of bank robbery. He asserts that defendant Detective Morano contacted Mr. Albert, who informed

---

[1] Plaintiff claims he has only been permitted to go to the detention center law library once. He has failed to state how the limitation on his visit to the law library has caused him actual harm, therefore this claim will be dismissed without prejudice. *See Lewis v. Casey*, 518 U. S. 343, 349 (1996) (requiring actual harm to non-frivolous claim).

Morano that plaintiff had been reporting to him. Plaintiff states that Morano electronically sent Albert a copy of plaintiff's halfway house identification photo rather than a copy of the surveillance photographs from the bank robbery. *Id*. Plaintiff asserts that providing only that photograph violated his rights to due process and amounted to an illegal photographic array. *Id*. Following the exchange of plaintiff's photograph, he was arrested on September 6, 2013, and charged with armed robbery and first-degree assault. *Id*. at p. 4. On October 4, 2013, plaintiff was indicted "on statement of facts of Officer Morano." *Id*. Plaintiff further states that the case was never brought before the grand jury, but also alleges the grand jury transcripts are now sealed and that he is unable to review the hearing to prove if he was indicted. *Id*. Plaintiff claims that the public defender's office is only interested in insuring that plea deals go through. *Id*. As relief, plaintiff seeks dismissal of the criminal charges pending in the Circuit Court for Baltimore County; dismissal of any pending violation of probation charges in this court; and monetary damages. *Id*. at p. 5.

With respect to plaintiff's pending state criminal charges, the instant challenge to their validity is not properly before this court. When seeking federal habeas corpus relief with regard to state criminal proceedings, a petitioner must show that all of the claims have been presented to the state courts for consideration. 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. Plaintiff in the instant case has not yet stood trial; his challenge to the process of his identification may be presented at trial. This court must abstain from ruling on state criminal

proceedings not yet presented or ruled upon by the appropriate state court absent extraordinary circumstances not present in the instant case. *See Younger v. Harris*, 401 U.S. 37 (1971).

Plaintiff's request that this court order reinstatement of his supervised release is relief that is presently unavailable. The relief sought is in the nature of mandamus which is unavailable absent a showing of a clear legal right to the relief sought; a clear legal duty required of the governmental agency to do the particular act requested; and unavailability of another adequate remedy. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F.Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In the instant case, plaintiff's current detention is predicated on pending state criminal charges which, as set forth above, plaintiff has not yet properly challenged in state court.

Plaintiff's request for monetary damages must be dismissed without prejudice pending disposition of the criminal case against him. *See Heck v. Humphrey*, 512 U. S. 477, 487 (1994) (42 U.S.C. §1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed).

By separate order which follows, the complaint shall be dismissed.


  October 18, 2013                                    /s/
Date                                          J. Frederick Motz
                                              United States District Judge

3